IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UMOJA ERECTORS, LLC** <br><br> Plaintiff, <br><br> v. <br><br> **D.A. NOLT, INC.** <br> and <br> **NORTH AMERICAN SPECIALTY INSURANCE COMPANY** <br><br> Defendants. | : <br> : <br> : <br> : <br> : **CIVIL ACTION** <br> : <br> : <br> : **NO.  20-cv-05046** <br> : <br> : <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S, MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT**

Dated:  February 16, 2021

**GEORGE E. PALLAS, ESQUIRE**
**JENNIFER R. BUDD, ESQUIRE**
COHEN SEGLIAS PALLAS
 GREENHALL & FURMAN, P.C.
1600 Market St, 32nd Floor
Philadelphia, PA  19103
Phone: (215) 564-1700
Email:  gpallas@cohenseglias.com
              jbudd@cohenseglias.com
*Attorneys for Defendants D.A. Nolt, Inc. and North American Specialty Insurance Company*

1

## **TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND……………………………………………….…..1

II.   LEGAL ARGUMENT…………………………………………………………..2

     a.      Legal Standard Under Rule 12(b)(6)…………………………………….2
     b.      Plaintiff Fails to State a Claim Because it Filed its Complaint
            Well Outside of the One-Year Statute of Limitations Applicable
            to Payment Bond Claims in Pennsylvania……………………………….3

III.  CONCLUSION……...………………………………………………………….4

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Angelastro v. Prudential-Bache Sec., Inc.*,
   763 F.2d 939 (3d Cir. 1985) ............................................................................................... 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................... 2

*Bell v. Brady*,
   346 Pa. 666, 31 A.2d 547 (1943) ....................................................................................... 3

*Brown v. Card Serv. Ctr.*,
   464 F.3d 450 (3d Cir. 2006) ............................................................................................... 3

*Ctr. Concrete Co. v. AGI, Inc.*,
   522 Pa. 27, 559 A.2d 516 (1989) ....................................................................................... 3

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984) ............................................................................................................. 3

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
   20 F.3d 1250-1261 (3d Cir. 1994) ..................................................................................... 2

**Statutes**

8 P.S. § 191, et seq. .................................................................................................................... 2

8 P.S. § 194(a) ............................................................................................................................ 3

42 Pa.C.S.A. § 5502(a) ............................................................................................................... 3

42 Pa.C.S.A. § 5523 ................................................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 2

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UMOJA ERECTORS, LLC** : | |
| Plaintiff, : | |
| v. : | **CIVIL ACTION** |
| **D.A. NOLT, INC.** : | **NO. 20-cv-05046** |
| and : | |
| **NORTH AMERICAN SPECIALTY** : | |
| **INSURANCE COMPANY** : | |
| Defendants. : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S, MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

Defendant, North American Specialty Insurance Company ("the Surety") submits this Brief in support of its Motion to Dismiss Count IV of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### I.     FACTUAL BACKGROUND[1]

Defendant, D.A. Nolt, Inc. ("Nolt") and the City of Philadelphia[2] executed an agreement for general construction services on the Public Safety Services Campus Project ("Project"). *See* Compl. at 6.  As required by the agreement, Nolt furnished a payment bond in connection with the Project, which was issued by the Surety.  *See* Compl. at 7, 46.  Plaintiff and Nolt entered into a subcontract for work on the Project.  In 2017, Plaintiff submitted a Proof of Claim to the Surety

---

[1] The facts pleaded by Plaintiff are accepted as true only for purposes of the Surety's Motion to Dismiss, in accordance with Fed. R. Civ. P. 12(b)(6).
[2] The City assigned the agreement to the Philadelphia Municipal Authority ("PMA") after work commenced.  Nolt does not dispute that after the assignment, its contract was with PMA.

1

alleging that it was owed payment by Nolt for which the Surety was responsible to compensate. *See* Compl. at 55 and Compl. Exhibit D.  The Proof of Claim submitted by Plaintiff stated that the date it "last furnished labor, material or supplies" was March 26, 2017.  *See* Compl. Exhibit D.

The Bond issued by the Surety expressly stated in paragraph 8 that "any suit or action under the Payment Bond shall be commenced by a Claimant in accordance with the Public Works Contractor's Bond Law of 1967, 8 P.S. § 191, et seq., or any other applicable law." *See* Compl. Exhibit C.  The Bond further stated that the "law controlling the interpretation or enforcement of this Payment Bond shall be Pennsylvania law." *See* Compl. Exhibit C.  Plaintiff filed suit against the Surety on October 13, 2020.

On January 12, 2020, counsel for the Surety formally demanded that counsel for Plaintiff dismiss Count IV of the Complaint because it was filed well-outside of the Statute of Limitations provided for in Public Works Contractors' Bond Law of 1967, 8 P.S. § 191 and the Pennsylvania Judicial Code, but the Plaintiff has failed to do so.

II.   ARGUMENT

   a.   **Legal Standard Under Rule 12(b)(6)**

When deciding a motion to dismiss under Rule 12(b)(6), the Court may look only to the facts alleged in the Complaint and its attachments.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250-1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the Plaintiff.  *Angelastro v. Prudential-Bache Sec., Inc.*, 763 F.2d 939, 944 (3d Cir. 1985).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Iqbal* clarified that the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "expounded the pleading

2

standard for 'all civil actions.'" 556 U.S. at 684. A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 456 (3d Cir. 2006) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

> **b. Plaintiff Fails to State a Claim Because it Filed its Complaint Well Outside of the One-Year Statute of Limitations Applicable to Payment Bond Claims in Pennsylvania**

Pursuant to the Judicial Code enacted in 1976, "The following actions and proceedings must be commenced within one year:

. . . .

(3) An action upon any payment or performance bond."

[42 Pa.C.S.A. § 5523]

Moreover, "the time within which a matter must be commenced . . . shall be computed, . . . from the time the cause of action accrued, . . . ." 42 Pa.C.S.A. § 5502(a). The Supreme Court of Pennsylvania held that a claim can only ***accrue*** "'when one has the right to institute a suit.'" *Ctr. Concrete Co. v. AGI, Inc.*, 522 Pa. 27, 30, 559 A.2d 516, 518 (1989) (quoting *Bell v. Brady*, 346 Pa. 666, 31 A.2d 547, 549 (1943)). Consequently, it held that a payment bond claim accrues upon completion of the "the statutory ninety day waiting period to bring suit against" a surety that issued the payment bond. *Id.* Based on its determination of the time for a payment bond claim to accrue, the Court in *Ctr. Concrete* explained that the statute of limitations on such claims is one year from "expiration" of the ninety-day waiting period. 559 A.2d at 518.

The ninety-day waiting period runs from "the day on which such claimant performed the last of such labor or furnished the last of such materials for which he claims payments." 8 P.S. § 194(a). When the unambiguous holding of the Supreme Court in *Ctr. Concrete* is read in conjunction with the Public Works Contractors' Bond Law, there is no doubt that the statute of

3

limitations to institute suit against a surety for a payment bond claim is one-year and ninety-days *from the last date that labor or materials was provided to the Project.*

Based on the Proof of Claim attached as Exhibit D to the Complaint, Plaintiff last furnished labor, materials or supplies to the project on March 26, 2017; therefore, Plaintiff's payment bond claim accrued ninety days later on June 24, 2017. Pursuant to the Judicial Code of Pennsylvania and the holding of the Supreme Court, the statute of limitations on Plaintiff's 's bond claim expired one year later on June 24, 2018 – over two years and three months prior to the date Plaintiff filed its Complaint.

Moreover, the Proof of Claim makes it clear that Plaintiff was aware of the non-payment and its bond claim rights, as it allegedly provided notice of the claim to the Surety on June 13, 2017, and to Nolt on June 23, 2017. *See* Compl. Exhibit D. Even if ignorance of the law could be a defense to the statute of limitations, which it cannot, there can be no assertion that it did not know of the non-payment or of its bond rights.

Because Plaintiff's claim against the Surety is barred by the statute of limitations, Count IV of Plaintiff's Complaint must be dismissed.

### III.    CONCLUSION

For the foregoing reasons, Count IV of Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted.

Respectfully submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

Dated: February 16, 2021

**GEORGE E. PALLAS, ESQUIRE**
**JENNIFER R. BUDD, ESQUIRE**
1600 Market St, 32nd Floor
Philadelphia, PA  19103

4

                                                                 Phone: (215) 564-1700
                                                                Email: gpallas@cohenseglias.com
                                                                                    jbudd@cohenseglias.com
                                                                *Attorneys for Defendants D.A. Nolt, Inc. and North American Specialty Insurance Company*

6841842.1 05613-0075