IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMOJA ERECTORS, LLC,<br>*Plaintiff* | :<br>:<br>: | CIVIL ACTION |
| v. | :<br>: | |
| D.A. NOLT, INC. *and* NORTH AMERICAN<br>SPECIALTY INSURANCE COMPANY,<br>*Defendants* | :<br>:<br>:<br>: | No. 20-5046 |

**MEMORANDUM**

PRATTER, J.                                                                                             MARCH 31, 2021

Surety bonds provide a safety net. For good reason, suretyship is common in construction projects, an industry historically fraught with risk. Economic recessions, labor and material shortages, change orders, and defaulting parties are all factors that can stop a project in its tracks. By providing assurances that parties will be paid and the work will be done, surety bonds reduce some of those inherent risks. In the general contractor-subcontractor relationship, the surety payment bond functions as a kind of insurance for the subcontractor. But the subcontractor cannot sleep on its right to payment under a surety bond. It must still timely seek payment lest its right be extinguished. That is the unfortunate position in which Umoja Erectors, LLC finds itself.

North American Specialty Insurance Company moves to dismiss the sole payment bond claim against it. Umoja Erectors, LLC did not timely oppose the motion. For the reasons that follow, the Court grants NASIC's motion to dismiss and dismisses the company from this case.

**BACKGROUND AND PROCEDURAL HISTORY**

North American Specialty Insurance Company issues surety bonds, including payment bonds. The claim against NASIC arises out of a construction project in which D.A. Nolt, Inc. agreed to provide general contractor services to the Philadelphia Municipal Authority and the City

1

of Philadelphia.[1] In connection with this project, D.A. Nolt secured a Payment Bond with NASIC for approximately $15 million. Doc. No. 1 (Compl.) ¶ 7. D.A. Nolt is named as the Principal on the Bond, with PMA and the City as Obligee and Co-Obligee, respectively. *Id.* ¶ 46. The Bond provides that a claimant's rights under the Bond shall be governed solely by the Public Works Contractors' Bond Law of 1967, 8 P.S. § 191 *et seq.* Doc. No. 1-2 (Payment Bond) ¶ 4. Pennsylvania law controls the interpretation and enforcement of the Bond. *Id.* ¶ 12.

In connection with the project, D.A. Nolt entered into a subcontract with Umoja Erectors, by which Umoja would provide and erect steel for the project. Compl. ¶ 8. Umoja alleges that it performed all of its obligations under the subcontract, including furnishing materials and providing labor services, all of which were allegedly accepted by D.A. Nolt. *Id.* ¶ 48, 50.

In 2017, Umoja submitted a Proof of Claim to NASIC alleging that it was owed payment from D.A. Nolt and that NASIC was responsible under the Bond for compensating it. The Proof of Claim states that the date Umoja "last furnished labor, material or supplies" was March 26, 2017. Doc. No. 1-2 (Proof of Claim) at 5.

Umoja waited until October 13, 2020 to file its complaint against both D.A. Nolt and NASIC. The only count against NASIC is Count IV, a payment bond claim under 8 P.S. § 191.[2] NASIC moves to dismiss the claim on the grounds that it was brought well outside the applicable

---

[1] For purposes of this Motion, the Court recites only the facts pertinent to Umoja's claim against NASIC. D.A. Nolt is presently litigating other aspects of this case against PMA and the City here in this Court. *D.A. Nolt, Inc. v. The Phila. Municipal Auth. et al.*, No. 18-4997 (E.D. Pa. filed Nov. 19, 2018) (GEKP). RCC Fabricators, Inc., the steel fabricator who supplied steel and related materials to Umoja, is separately proceeding against Umoja. *RCC Fabricators, Inc. v. Umoja Erectors, LLC et al.*, No. 17-5304 (E.D. Pa. filed Nov. 22, 2017).

[2] Umoja is proceeding against the general contractor, D.A. Nolt, for violation of the Prompt Pay Act, 73 P.S. §§ 501 *et seq.*, breach of contract, unjust enrichment and quantum meruit.

statute of limitations in Pennsylvania. Doc. No. 6. Umoja did not timely oppose the motion.[3] While evaluating the merits of NASIC's motion, the Court recognizes that it is unopposed.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide defendant with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). But the Court need not ignore or discount reality. Nor must the Court "accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or legal conclusions, *Fowler*, 578 F.3d at 210.

Technically, Rule 12(b) does not explicitly provide for the assertion of a statute of limitations defense on a motion to dismiss. Fed. R. Civ. P. 12(b). However, within this Circuit, such a defense is permissible "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

---

[3] The Court granted Umoja additional time to respond, noting that, absent a response, it would review the Motion as unopposed. Doc. No. 7. Umoja did not file a response.

## DISCUSSION

NASIC moves to dismiss the payment bond claim only on the grounds that Umoja's claim is barred by Pennsylvania's applicable statute of limitations.[4] NASIC contends that there is no colorable argument that Umoja was somehow unaware of its rights that would entitle it to argue for a tolling of the limitations period. Based on its review of the face of the complaint and supporting documentation, the Court must agree.

Pennsylvania law provides that an action upon any payment or performance bond must be commenced within one year. 42 Pa. C.S.A. § 5523. The clock starts from the time the cause of action accrued. *Id.* § 5502(a). Relevant here, Pennsylvania's Public Works Contractors' Bond Law of 1967 provides that:

> [A]ny claimant who has performed labor or furnished material in the prosecution of the work provided for in any contract for which a payment bond has been given, pursuant to the provisions of subsection (a) of section 3 of this act, and who has not been paid in full therefor before the expiration of ninety days after the day on which such claimant performed the last of such labor or furnished the last of such materials for which he claims payments, may bring an action on such payment bond in his own name, in assumpsit, to recover any amount due him for such labor or material, and may prosecute such action to final judgment and have execution on the judgment.

8 P.S. § 194(a). Reading the bond law together with Pennsylvania's standard one-year period, the Pennsylvania Supreme Court has unequivocally held that a party bringing a payment bond claim has "one year from the expiration of the statutory ninety day waiting period to bring suit against" the surety party. *Centre Concrete Co. v. AGI, Inc.*, 559 A.2d 516, 518 (Pa. 1989).

Here, the 90-day statutory period began on March 26, 2017. This is the date provided on Umoja's own Proof of Claim, Doc. No. 1-2, as the last day it furnished labor or materials for which

---

[4] NASIC does not dispute the existence of a valid payment bond contract or that Umoja is not otherwise a proper party to make a claim against the bond.

it now seeks payment.[5] Accounting for the 90-day waiting period, the one-year statute of limitations period then began to run on June 24, 2017. So, Umoja had until June 24, 2018 to file its claim against NASIC and have it be timely. Instead, Umoja filed the complaint on October 13, 2020—over two years later. Umoja's claim for payment on the Bond is thus barred by Pennsylvania's statute of limitations on payment bond claims. *See C.C. Insulators, Inc. v. Schnabel Assocs., Inc.*, No. CIV. A. 90-7640, 1991 WL 58496, at *2 (E.D. Pa. Apr. 11, 1991).

Moreover, the Complaint itself undercuts any argument that Umoja was somehow unaware of its rights to submit a claim under the Bond or otherwise contest non-payment from D.A. Nolt. The documents appended to Umoja's Complaint, including the Proof of Claim submitted in 2017, clearly show Umoja was aware of the process by which it could seek payment. But it chose, for whatever reason, not to timely pursue its rights. So, it cannot do so here now.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants NASIC's motion to dismiss with prejudice. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[5] "[I]n ruling on a motion to dismiss, the [C]ourt may consider matters of public record, exhibits attached to the complaint, and items appearing in the record of the case. *Pension Tr. Fund for Operating Engineers v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 271 (3d Cir. 2013). Umoja attached a copy of the subcontract between it and D.A. Nolt, Inc., the subcontract between it and its steel supplier, RCC Fabricators, Inc., the Payment Bond, its Proof of Claim against NASIC, and its customer transaction history with D.A. Nolt.