UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

UMOJA ERECTORS, LLC                          :
                        Plaintiff,       :        CIVIL ACTION
          Vs.                          :
                                  :
D.A. NOLT                                    :        NO. 20-CV-05046
_____ Defendant.   :

PLAINTIFF'S PRE-TRIAL MEMORANDUM

1.       FACTS:

The Plaintiff, Umoja Erectors, LLC, (hereinafter "Umoja") entered into a subcontract with
Defendant D.A. Nolt for the coordination of steel delivery and erection of steel at the Public
Safety Services Campus Building known as Project No. 11-13-4108-01.  Defendant D. A. Nolt
was the general contractor who had an agreement with the Philadelphia Municipal Authority for
the project.  The subcontract to coordinate with RCC Fabricators, Inc. to furnish all fabricated
steel and related materials to the project site was valued at $30,000.00.  The steel to be delivered
was priced at $209,805.00.   Separately, Umoja had a time and materials subcontract with D.A.
Nolt to provide the labor and materials for steel erection at the 46th and Market Streets site.

Even before the work started for the delivery of the steel, RCC Fabricators signed a
subcontract with D.A. Nolt in May 2016 to prepare all of the shop drawings for the steel to be
erected.  That subcontract did not involve Umoja Erectors, LLC or the coordination function,
except to the extent that copies of the drawings were supposed to be submitted to Umoja Erectors
following the approval by the engineer of record.  The engineer of record on the site was
Ballinger.  As part of its coordination function, Umoja Erectors conducted field measurements for
certain steel to be fabricated by the subcontractor RCC Fab.  RCC Fab provided specific

1

drawings with highlights to identify which measurements were needed.  RCC Fab also provided its detailer to accompany Kevin Lumpkin of Umoja Erectors to perform the field measurements. The RCC Fab detailer, Kevin Irwin, assisted Mr. Lumpkin in the measurements and then recorded the measurements directly on the RCC Fab erection drawings.  Those measurements were specifically in response to a memorandum issued by Jeff Smilek, then vice president of RCC Fab as to what measurements were needed for the steel fabrication.

Before the field measurements were taken, RCC Fab put the Defendant D.A. Nolt on notice that masonry columns needed to be opened up in order to insure the accuracy of the field measurements.  In addition, Kevin Lumpkin informed Charles Knauff, the D.A. Nolt site superintendant, that masonry column needed to be opened up for accuracy of the field measurements.  Craig Hunts's memo of August 2016, made clear that Defendant D.A. Nolt had to coordinate the demolition of the masonry for the purpose of field measurements.  In the absence of the masonry columns being opened, Kevin Lumpkin and Kevin Irwin were limited to field measurements based on column centerline to column centerline.  Those measurements became the basis for the fabricated steel which was later delivered to the construction site.  Although the field measurements occurred over several days, and Kevin Lumpkin asked Chuck Knauff to open the columns.  D.A. Nolt never opened up the masonry.  As a result, the beams supplied by RCC Fab for masonry columns 3C-1 and 4C-1 were cut to the wrong size and had to be returned to the factory for refabrication.  Although D.A. Nolt requested a schedule from RCC Fab on the delivery of the steel, RCC Fab was constantly late with the deliveries and a schedule was never supplied to Umoja Erectors.  Instead of informing Umoja Erectors about its communications with RCC Fab, D.A. Nolt went directly to RCC Fab to inquire about the delays.  Unbeknownst to Umoja Erectors, and under pressure from D.A. Nolt for prompt deliveries, the RCC Fabricators

then outsourced the steel fabrication to another fabricator in North Carolina.  Unfortunately, RCC Fab's quality control inspector was not present at the North Carolina fabricator to review the steel before it was shipped to the construction site,.  As a result, much of the fabricated steel delivered to the PSSC was defective on arrival. Because the ironworkers working for Umoja on site only determined the fit of the beams after they had been unloaded from the trucks and set in place by the crane, their labor and materials had to be paid.  The Time and Materials subcontract for the erection of steel was put in place for exactly the reason that the labor has to be expended and paid when due because there is no way to know in advance whether the supplied steel will fit. On occasions, the steel beams were made to fit on site by the ironworkers with brackets and other devices which is expended against the materials side of the contract.  Instead of paying Umoja for all time and materials spent erecting the steel, D.A. Nolt has withheld $272,678.71 worth of steel erection labor and material expended.  It has also withheld $20,737.50 worth of the coordination fee.  Under its contract with the Iron Workers Local 401, Umoja Erectors, LLC had to pay all the wages and fringe benefits owed the ironworkers on the project.  The Union contract requires a two-week payment time frame of wages and fringe benefits.

At Umoja's request, a meeting was held on January 6, 2017 to discuss responsibility for delays in the steel being delivered and erected at the site.  Representatives from RCC Fabricators, as well as D.A. Nolt,  Local 401, and Umoja Erectors were present.  Kevin Boyle, the business agent and secretary/treasurer of the Iron Workers Local 401 was in attendance at the meeting to explain that the ironworkers do not demolish masonry under any circumstances. Demolition was the responsibility of the general contractor and not part of the Ironworkers' contract.   All of the rework steel items whether sent back to RCC Fabricators for re-fabrication or adjusted on site to make them fit were discussed.  Certain delays and re-work were assigned to D.A. Nolt for failure

to open up the masonry columns for accurate field measurements.  Other items were assigned to RCC Fabricators for the defects in the steel fabrication.  Although, Richard O'Brien of D.A. Nolt was supposed to draft a summary of the meeting's finding, he never did.  Instead, in March of 2017, he drafted a list of back charges to be assessed against Umoja Erectors. If Umoja Erectors, LLC had withheld payment from the Ironworkers for wages and fringe benefits due to non-payment from D.A. Nolt, the entire job would have stopped because the Local would refuse to supply labor to perform the erection services at the site, a scenario that would have occasioned even greater delays on the project.

Umoja Erectors was also billed for the steel fabricated by RCC Fab in the amount of $214,537.00 which was presented to D.A. Nolt for payment.   Pursuant to the time and materials contract, D.A. Nolt gave Umoja a $66,000.00 check for the steel delivered.  Umoja held the check for the potential backcharges until it expired.  Umoja performed all the work in a timely, competent, and workmanlike manner in full compliance with all applicable insurance and safety requirements. In addition, Umoja submitted timely invoices for time and materials as well as for the steel delivered by RCC Fab.  Umoja made continuing demands for payment, but Nolt has only threatened back charges and penalties against Umoja while holding $600,587.39 in retainage.  Plaintiff Umoja  has sued D.A. Nolt under 73 P.S. 501, *et seq* of the Prompt Pay Act, under breach of contract, and unjust enrichment and quantum merriment.  The bond claim was dismissed by the Court.

11.   WITNESSES

      A.      Alburn Brown, Umoja Erectors, LLC, 919 Green Lane, Primose, PA

      B.      Kevin Lumpkin, Site Superintendent for Umoja Erectors, LLC, 919 Green Lane, Primose, PA

C.       Tom Stanowski, Umoja Erectors, LLC,  Foreman, 919 Green Lane, Primose, PA

D.       Kevin Boyle, Iron Workers Local 401, 11600 Norcom Road, Philadelphia., PA

E.       Pedro Pinto, Phila. Municipal Authority, Dept. of Physical Property

F.       Chuck Knauff, Site supervisor, D.A. Nolt, 53 Cross Keys Road, Berlin, NJ

G.       Ballinger - Engineer of Record for PSSC

H.       Craig Hunt - Site Superintendent for Keating

I.       Kevin Irwin – Detailer, RCC Fabricators, 2035 Rte. 206 S.Southamption

J.       Jeffrey Smilek – RCC Fab v. president, 2035 Rte 206 S., Southamption, NJ

K.       Scott Vesper, RCC Fab, president, 2035 Rte 206 South, Southampton, NJ

L.       Nick Oliver, Keating Site Supervisor for PSSC Project

M.       Brett Ellmann, Engineer at Ballinger, drafted remedian instructions on WTs, rejected by Umoja

N.       Iola Harper, City of Philadelphia, 1401 JFK Blvd. Philadelphia, PA 19107

O.       Rich O'Brien, v.president, D.A. Nolt, 53 Cross Keys, Berlin, NJ

IV.    EXHIBITS

1.       Umoja's timesheets and invoices, applications for payments;

2.       Public Safety Service Campus Meeting Notes from Feb. 24, 2016 to March of 2017.

3.       Umoja Subcontract with D.A. Nolt;

4.       Umoja Subcontract with RCC, Fab;

5.       Local 401 Ironworkers Contract with Umoja Erectors, LLC

6.      Resume of Kevin Boyle, Financial Secretary and Business Manager of Local 401;

7.      List of Penthouse Steel rework;

8.      List of Screenwall Steel rework;

9.      List of Fifth Floor Steel rework;

10,     March 17, 2017 Back charge letter from Richard O'Brien, D.A. Nolt;

11.     Craig Hunt Memorandum of August 2016

12.     Jeff Smilek Memorandum regarding field measurements;

13.     Erection drawings with the field measurements;

14.     Deposition transcript of Jeff Smilek;

15.     Deposition transcript of Richard O'Brien;

16.     Deposition transcript of Charles Knauff;

17.     Deposition transcript of Alburn Brown;

18.     Deposition transcript of Kevin Lumpkin;

19.     Deposition or transcript of testimony of Brett Ellmann

20.     Video-taped deposition and testimony of Kevin Boyle;

21.     Videotaped  deposition of Pedro Pinto;

22.     Videotaped deposition of Craig Hunt

23.     Detail Drawings of steel beams and columns, including steel listed in 7, 8, and 9.

23.     Steel fabrication/installation payment history

24.     /Customer Quick Report, Oct 2015- Nov. 2017

25.     E-mail messages between Umoja and D.A. Nolt for steel delivery

6

IV.      DAMAGES

Plaintiff is owed $272,678.72 for time a materials and $20737.50 for the coordination of steel with back interest and penalties against D.A. Nolt in addition to $214,537 to RCC Fab, Interest due under the Prompt Pay Act is $139,971.24; Plaintiff has incurred $9,500.00 in attorneys fees and costs for a  total due of $787,395.24.

V. TIME FOR TRIAL

Plaintiff anticipates that trial will require five to six days in total, from opening statements to closing arguments.

LAW & ASSOCIATES, LLC


BY:__/s/ Tsiwen M. Law_____

Tsiwen M. Law, Esquire

7