UNITED STATES DISTRICT COURT
EASTERM DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UMOJA ERECTORS, LLC | : | |
| Plaintiff, | : | CIVIL ACTION |
| Vs. | : | |
| | : | |
| D.A. NOLT | : | NO. 20-CV-05046 |
| Defendant. | : | |

PLAINTIFF'S AMENDED PRE-TRIAL MEMORANDUM

1.      FACTS:

The Plaintiff, Umoja Erector, LLC, (hereinafter "Umoja") entered into a subcontract with Defendant D.A. Nolt for the coordination of steel delivery and erection of steel at the Public Safety Services Campus Building known as Project No. 11-13-4108-01. Defendant D. A. Nolt was the general contractor who had an agreement with the Philadelphia Municipal Authority for the project. The subcontract to coordinate with RCC Fabricators, Inc. to furnish all fabricated steel and related materials to the project site was valued at $30,000.00. The steel to be delivered was priced at $209,805.00 Separately, Umoja had a time and materials subcontract with D.A. Nolt to provide the labor for steel erection at the 46th and Market Street site.

Even before the work started for the delivery of the steel, RCC Fabricators signed a subcontract with D.A. Nolt in May 2016 to prepare all of the shop drawings for the steel to be erected. Unbeknownst to Umoja, the shop drawings were sent to India for completion and did not become available to Umoja until October of 2016. That subcontract did not involve Umoja Erectors, LLC or the coordination function, except to the extent that copies of the drawings were supposed to be submitted to Umoja Erectors following the approval by the engineer of record. The engineer of record on the site was Ballinger. As part of its coordination function, Umoja Erectors

1

conducted field measurements for certain steel to be fabricated by the subcontractor RCC Fab. RCC Fab provided specific drawings with highlights to identify which measurements were needed. RCC Fab also provided its detailer to accompany Kevin Lumpkin of Umoja Erectors to perform the field measurements. The RCC Fab detailer, Kevin Irwin, assisted Mr. Lumpkin in the measurements and then recorded the measurements directly on the RCC Fab erection drawings. Those measurements were specifically in response to a memorandum issued by Jeff Smilek, then vice president of RCC Fab as to what measurements were needed for the steel fabrication.

Before the field measurements were taken, RCC Fab put the Defendant D.A. Nolt on notice that masonry columns needed to be opened up in order to insure the accuracy of the field measurements. In addition, Kevin Lumpkin informed Charles Knauff, the D.A. Nolt site superintendant, that masonry columns needed to be opened up for accuracy of the field measurements. Craig Hunts's memo to all the contractors of August 2016, made clear that Defendant D.A. Nolt had to coordinate the demolition of the masonry for the purpose of field measurements. Demolition was the responsibility of the general contractor and not part of the Ironworkers' contract.

Because of the masonry columns not being opened, Kevin Lumpkin and Kevin Irwin were limited to field measurements based on column centerline to column centerline. Although the field measurements occurred over several days, and Kevin Lumpkin asked Chuck Knauff to open the columns, D.A. Nolt never opened up the masonry. Those measurements became the basis for the fabricated steel which was later delivered to the construction site. As a result, the beams supplied by RCC Fab for masonry columns 3C-1 and 4C-1 were cut to the wrong size and had to be returned to the factory for refabrication. Additionally, D.A. Nolt failed to open the roof to allow accurate measurements of the screen wall steel. As a result, the screen wall steel was delivered too short

2

and had to be refabricated by RCC Fab. The failure to open the roof also affected the measurements of the stairwell supports.

Although D.A. Nolt requested a schedule from RCC Fab on the delivery of the steel, RCC Fab was constantly late with the deliveries and a schedule was never supplied to Umoja Erectors. Instead of informing the Umoja Erectors about its communications with RCC Fab, D.A. Nolt went directly to RCC Fab to inquire about the delays. Unbeknownst to Umoja Erectors, and under pressure from D.A. Nolt for prompt deliveries, the RCC Fabricators then outsourced the steel fabrication to another fabricator in North Carolina. Unfortunately, RCC Fab's quality control inspector was not present at the North Carolina fabricator to review the steel before it was shipped to the construction site,. As a result, much of the fabricated steel delivered to the PSSC was defective on arrival. Because the ironworkers working for Umoja on site only determined the fit of the beams after they had been unloaded from the trucks and set in place by the crane, their labor and materials had to be paid.

The Time and Materials subcontract for the erection of steel was put in place for exactly the reason that the labor has to be expended and paid when due because there is no way to know in advance whether the supplied steel will fit. In fact, the recommendation for the time and materials subcontract came from D.A. Nolt in an e-mail by Rich O'Brien on May 12, 2016 during the course of bid submissions to the City of Philadelphia, or its representative, the Philadelphia Municipal Authority. In discouraging Umoja from bidding a lump sum, Mr. O'Brien wrote to Al Brown: "Would you be willing to do the entire job T&M? This would ensure you don't get hurt on the job." Mr. O'Brien believed that a time and materials subcontract would minimize Umoja's chances of being underpaid in a lump sum bid. As a result, all the steel erection labor and materials were billed to D.A. Nolt under the T&M subcontract. D.A. Nolt now refuses to pay, even though it has

3

no evidence that the steel was installed incorrectly or erected in the wrong locations. None of the re-work which D.A. Nolt seeks to apply as an offset to Umoja's T & M bills is for faulty erection. Instead, the re-work is related to fabrication errors by RCC Fab or errors from D.A. Nolt failing to open up the masonry and the roof. If the steel had been improperly installed, the engineering inspector on site would have pointed that out. No such failures were raised with the steel erectors. On occasions, the steel beams were made to fit on site by the ironworkers with brackets and other devices which is expended against the materials side of the contract.

Instead of paying Umoja for all time and materials spent erecting the steel, D.A. Nolt has withheld $272,678.71 worth of steel erection labor and material expended. It has also withheld $21,000 worth of the coordination fee. Under its contract with the Iron Workers Local 401, Umoja Erectors, LLC had to pay all the wages and fringe benefits owed the ironworkers on the project. The Union contract requires a two-week payment time frame of wages and fringe benefits.

At Umoja's request, a meeting was held on January 6, 2017 to discuss responsibility for delays in the steel being delivered and erected at the site. Representatives from RCC Fabricators, as well as D.A. Nolt, Local 401, and Umoja Erectors were present. Kevin Boyle, the business agent and secretary/treasurer of the Iron Workers Local 401 also was in attendance at the meeting to explain that the ironworkers do not demolish masonry under any circumstances. All of the rework steel items, whether sent back to RCC Fabricators for re-fabrication or adjusted on site to make them fit were discussed. Certain items were assigned to D.A. Nolt for failure to open up the masonry columns for accurate field measurements. Other items were assigned to RCC Fabricators for the defects in the steel fabrication delivery. Afterward, Richard O'Brien of D.A. Nolt was supposed to draft a summary of the meeting's finding, which he never did. Instead, in March of 2017, he drafted a list of back charges to be assessed against Umoja Erectors.

4

If Umoja Erectors, LLC had withheld payment from the Ironworkers for wages and fringe benefits due to non-payment from D.A. Nolt, the entire job would have stopped, because the Local would refuse to supply labor to perform the erection services at the site, a scenario that would have occasioned even greater delays on the project.

Umoja Erectors was also billed for the steel fabricated by RCC Fab in the amount of $214,000.00 which was presented to D.A. Nolt for payment.    Pursuant to the steel fabrications subcontract, D.A. Nolt gave Umoja a $66,000.00 check for the steel delivered.  Umoja held the check until it expired for the potential backcharges.  Umoja performed all the work in a timely, competent, and workmanlike manner in full compliance with all applicable insurance and safety requirements. In addition, Umoja submitted timely invoices for time and materials as well as for the steel delivered by RCC Fab.  Umoja made continuing demands for payment, but Nolt has only threatened back charges and penalties against Umoja while holding $600,587.39 in retainage. Plaintiff Umoja  has sued D.A. Nolt under 73 P.S. §501, *et seq* of the Prompt Pay Act, under a breach of contract, and unjust enrichment and quantum merriment.  The bond claim was dismissed by the Court.

Defendant Nolt now alleges offsets against the $272,678.71 based on general expenses that Nolt incurred between December 16, 2016 and March 2017.  The general expenses include a trailer and bathroom rentals that were present for D.A. Nolt and all the subcontractors, including roofers, glaziers, carpenters, electricians, and masons.  It also claims for the salaries of its site supervisors, and superintendents who had to be there regardless of the trades present.  Defendant Nolt continued to respond to water leaks and other complaints a year after the December 16, 2016 deadline, yet it has charged Umoja with those salary offsets.  Additionally, it seeks the legal fees for defending the lawsuit by RCC Fabricators, even though it only offered to pay the fabricator $66,000.00 out

5

C.        Tom Stanowski, Umoja Erectors, LLC,  Foreman, 919 Green Lane, Primose, PA

D.        Kevin Boyle, Iron Workers Local 401, 11600 Norcom Road, Phila., PA

E.        Pedro Pinto, Phila. Municipal Authority, Dept. of Physical Property

F.        Chuck Krauff,Representative for On-Site Coordination with D.A. Nolt

G.        Jonathan Hunt - Engineer at Pennoni for PMA

H.        Craig Hunt - Site Superintendent for Keating

I.        Kevin Irwin – Detailer for RCC Fabricators

J.        Jeffrey Smilek – RCC Fab Vice President

K.        Scott Vesper, RCC Fab, President

L.        Nick Oliver, Keating Site Supervisor for PSSC Project

M.        Brett Ellmann, Engineer at Ballenger, drafted remedian instructions on WTs, rejected by Umoja

N.        Iola Harper, City of Philadelphia, 1401 JFK Blvd. Philadelphia, PA 19107

IV.    EXHIBITS

1.        Umoja's timesheets and invoices, applications for payments;

2.        Public Safety Service Campus Meeting Notes from Feb. 24, 2016 to March of 2017.

3.        Umoja Subcontract with D.A. Nolt;

4.        Umoja Subcontract with RCC, Fab;

5.        Local 401 Ironworkers Contract

6.        Resume of Kevin Boyle, Financial Secretary and Business Manager of Local 401;

5

1.      Umoja's timesheets and invoices, applications for payments;

2.      Public Safety Service Campus Meeting Notes from Feb. 24, 2016 to March of 2017.

3.      Umoja Subcontract with D.A. Nolt;

4.      Umoja Subcontract with RCC, Fab;

5.      Local 401 Ironworkers Contract

6.      Resume of Kevin Boyle, Financial Secretary and Business Manager of Local 401;

7.      List of Penthouse Steel rework;

8.      List of Screenwall Steel rework;

9.      List of Fifth Floor Steel rework;

10,     March 17, 2017 Back charge letter from Richard O'Brien, D.A. Nolt;

11.     Craig Hunt Memorandum of August 2016

12.     Jeff Smilek Memorandum regarding field measurements;

13.     Erection drawings with the field measurements;

14.     Deposition transcript of Jeff Smilek;

15.     Deposition transcript of Richard O'Brien;

16.     Deposition transcript of Charles Knuff;

17.     Deposition transcript of Alburn Brown;

18.     Deposition transcript of Kevin Lumpkin;

19.     Deposition transcript and testimony of Brett Ellman

20.     Video-taped deposition and testimony of Kevin Boyle;

21.     Video deposition of Pedro Pinto;

7

22.   Video-taped deposition of Craig Hunt

23.   Detail Drawing

IV.   DAMAGES

$272,678.72   with back interest and penalties against D.A. Nolt in addition to $214,537 to RCC Fab and $20737.50 for the coordination of steel, interest due under the Prompt Pay Act $139,971.24, $8,500.00 in attorneys fees.  Total due is $786,395.24.

V.   TRIAL

The trial will require five days to complete from the opening statements to closing arguments.

LAW & ASSOCIATES, LLC

BY: _____

Tsiwen M. Law, Esquire

8