UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UMOJA ERECTORS LLC** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **D.A. NOLT** | : | NO.: 20-05046-GP |
| Defendant. | : | |

**PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW
OF D.A. NOLT, INC.**

1. In June 2016, in connection with the Public Safety Service Campus Project ("Project"), Umoja Erectors LLC ("Umoja") was contracted by D.A. Nolt, Inc.("Nolt") to (1) coordinate all aspects of the steel work for the project for $30,000; (2) to furnish fabricated steel per the plans, specifications, bulletins, approved shop drawings, and other contract documents; and (3) to erect the steel per the plans and specifications, bulletins, approved shop drawings and other contract documents ("Subcontract").

2. Umoja, then, entered into a subcontract with RCC for the fabrication of the steel at the negotiated price, which was subsequently reduced to $198,645.50 by an agreed modification for a removal of galvanization work.

3. Per the terms of the Umoja and Nolt Subcontract, Umoja was responsible to field verify all dimensions required for the fabrication of the steel.

4. Umoja claims that it should be paid the remaining $21,000 of its coordination fee, $214,537.00 for fabricated steel delivered to the site, and $272,678.72 for the time and materials expended on the steel erection.

5. Nolt issued a joint check to Umoja and RCC in the amount of $66,238.50, which Umoja failed to sign and kept until the check expired.

6. As a result of Umoja's failure to pay RCC, Nolt, on behalf of its payment bond surety, incurred costs to defend a lawsuit from RCC.

7. Umoja asserts that the monies sought for erection are owed because the Subcontract compensated Umoja on a time and material basis.

8. The vast majority of erection invoiced by Umoja included costs to repair defective steel, modify steel, make adjustment to incorrectly installed steel and/or remove/reinstall steel pieces that were incorrectly sized.

9. Umoja mistakenly contends that the Subcontract required Nolt to pay Umoja for rework on a time and material basis, even if the rework was necessitated by an error caused by Umoja such as field measuring errors, coordination issued, or fabrication errors.

10. Umoja's employees have already testified that in their opinion, nearly all the rework was required due to fabrication errors it attributed to its own subcontractor--RCC.

11. This position contradicts the express terms of the Subcontract, which required that Umoja perform its work per the "Project Manual, Specifications, Drawings, Clarifications, Modifications, Addenda, Appendices and Bulletins," the work be performed "diligently and fully," and that Umoja would "make good, at its own expense, any defect in materials or workmanship."

12. Nolt is not responsible to pay any charges for reworked or reinstalled material.

13. Nolt deposited $178,446 into an escrow account for steel paid to it by the owner because Nolt incurred a setoff for additional costs chargeable to Umoja under the Subcontract.

14. Nolt's setoff exceeds any unpaid invoices of Umoja, and the amount held in escrow.

15. Nolt's setoff includes:

| BACKCHARGES TO UMOJA (Exs. BC-1 to BC-12) | | | |
|---|---|---|---|
| Nolt GC Costs Through March 31, 2017 | Amount | With Payroll tax of 19.77% | With Mark-up (8% on subcontractors, 15% on Materials & Equipment, and 20% on labor) |
| Haztek | $46,296.90 | | $50,000.65 |
| Envision | $495.00 | | $534.60 |
| Superintendent-McGrorarty | $24,268.32 | $29,066.17 | $33,054.24 |
| Proj. Manager/Proj. Exec- O'Brien | $88,732.32 | $106,274.70 | $62,021.88 |
| Proj. Manager-Knauff | $53,771.24 | $64,401.81 | $75,486.85 |
| Trailer | $1,334.28 | | $1,534.42 |
| Portable Toilets | $2,520.93 | | $2,899.07 |
| GC Total between 12/16/2016 and 3/31/2017 | | | $225,531.71 |
| Time between 12/16/2016 and 3/31/2017 | 105 days | | |
| Daily cost between 12/16/2016 and 3/31/2017 | $2,147.92 | | |
| Time after 1/16/2017 | 75 days | | |
| GC Cost Chargeable to Umoja after 1/16/2017 | $161,094.08 | | |
| Equipment Charged but not returned | $5,517.10 | | |
| 3/31/2017 Known backcharges (not including iron worker time) | $31,330.06 | | |
| Additional Engineering (Pennoni) | $19,892.50 | | |
| RFI Costs | | | |
| RFI #50 (48 hours) | $4,800.00 | | |
| RFI #51 (24 hours) | $2,400.00 | | |
| RFI #53 (16 hours) | $1,600.00 | | |
| Attorney' Fees to Defend RCC Action | $160,619.66 | | |
| TOTAL | $387,253.40 | | |

16. The Owner has not fully paid Nolt for all steel work.

17. While Nolt prevailed in a lawsuit against the City, the City is appealing and still seeking to recover damages it contends are owed for delayed completion.

18. In an August 6, 2021 opinion, Judge Rice held that Umoja was not permitted to withhold payment from RCC.

## CONCLUSIONS OF LAW

1. The Subcontract allowed Nolt to withhold payment to Umoja to completely protect and indemnify Nolt "from all loss, damage and/or expense, including attorneys' fees and litigation costs" until Umoja remedied any "default for breaches or failure[es] to comply with any provision of the subcontract."

2. Nolt could also withhold payment "pending satisfactory correction, replacement and/or restoration of deficient work, material or supplies, or of any work rejected or not conforming with" the Subcontract.

3. In the event Umoja failed to pay RCC or any other subcontractor or supplier, Umoja agreed to "indemnify [Nolt] from any and all claims, demands, liens or suits for al all such material and supplies purchases . . . including reimbursement of attorneys' fees and any other costs of defense incurred."

4. Nolt's contract contained a "pay if paid" clause and shifted the risk of non-payment by the Owner to Umoja.

5. Nolt is entitled to invoke the doctrine of setoff for the costs it incurred as a result of Umoja's breaches of contract. *Fessler v. Love*, 43 Pa. 313, 313 (1862).

6. Umoja is owed no further payment from Nolt because Nolt's setoff exceeds any valid amounts unpaid by Nolt.

                    Respectfully submitted,

                    **COHEN, SEGLIAS, PALLAS,**
                    **GREENHALL & FURMAN, P.C.**

        **BY:** _____

Date: **June 24, 2022**        **Jennifer R. Budd, Esquire**
                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Jennifer R. Budd, Esquire, certify that on June 24, 2022, a true and correct copy of the foregoing D.A. Nolt, Inc.'s Proposed Findings of Fact and Conclusions of Law was served via the Court's ECF System upon the following:

>Tsiwen M. Law
>Law & Associates, LLC
>1617 John F. Kennedy Boulevard
>Suite 1055
>Philadelphia, PA 19103
>215-751-0500
>Fax: 215-751-0700
>Email: tmlaw50@verizon.net
>(*Attorneys for Plaintiff*)

Jennifer R. Budd, Esquire

7787709.1 05613-0075