UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UMOJA ERECTORS, LLC
               Plaintiff,

       v.

D.A. NOLT
             Defendant.

C. A. NO.:  2-20 CV 05046

## ORDER

AND NOW, this ____ day of _____, 20__ , upon consideration of the Plaintiff's

Motion for Leave to Amend and any answers thereto, it is ORDERED and DECREED that the

Plaintiff is granted leave to amend its original Complaint to reflect the current status of the

record, by correcting the Prompt Payment Act cite and eliminate the count against the North

American Specialty Insurance Company pursuant to the Court's Order of March 31, 2021.

BY THE COURT:

_____
                                 J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMOJA ERECTORS, LLC | : | |
|          **Plaintiff,** | : | C. A. NO.: 2:20 cv 05046 |
| | : | |
|     **v.** | : | |
| | : | |
| | : | |
| | : | |
| D.A. NOLT | : | |
|       **Defendant.** | : | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

The Plaintiff Umoja Erectors, LLC by and through its counsel, Law & Associates, LLC hereby moves to amend its Complaint and in support thereof pursuant to the Civil Rules of Procedure avers as follows:

1.     On October 13, 2020, the Plaintiff filed its Complaint for Breach of Contract against Defendants North American Specialty Insurance Company and D.A. Nolt for non-payment of the steel erection at the PSSC Project at 4601 Market Street.

2.     On February 16, 2021, the North American Specialty Insurance Company filed a Motion to Dismiss based on the statute of limitations.

3.     On March 16, 2021, the court granted the Motion to Dismiss the Count against the North American Specialty Insurance Company, and the Order was entered on March 31, 2021.

4.     In addition to the Count dismissed by the court, the Plaintiff filed three counts against the Defendant D.A. Nolt.

5.     Count Two of the Plaintiff's Complaint against D.A. Nolt was a claim under the Prompt Payment Act.

6.  In the Prompt Payment Act Count, Plaintiff cited the wrong statute.

7.  The Prompt Payment Act statute should have been 62 Pa.C.S. §3931 *et. seq.*

8.  The Plaintiff now moves this Honorable Court to allow the amendment of the Complaint to reflect the correct statute for the Prompt Payment Act at 62 Pa.C.S.§3931 as noted in the recently filed Joint Status Report and to remove the count against the North American Specialty Insurance Company pursuant to the Court's Order of March 31, 2021.

9.  An amended complaint is attached for the Court's review.  (See Exhibit 1)

10.  The technical amendment to Count Two does not raise a new count against Defendant but rather clarifies the statutory provisions at issue..

WHEREFORE, the Plaintiff moves this Honorable Court for leave to amend its Complaint in the form as attached hereto.

LAW & ASSOCIATES, LLC.
BY: _____
Tsiwen M. Law, Esquire
Counsel for the Plaintiff
Umoja Erectors, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMOJA ERECTORS, LLC | : | |
| Plaintiff, | : | C. A. NO.:  2:20 cv 05046 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.A. NOLT | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

I.      FACTS:

The Plaintiff filed its Complaint in October 2020 after Defendant D.A. Nolt, Inc. (hereinafter "Nolt") refused to pay steel erection and coordination invoices that were outstanding since 2016 and 2017. As the general contractor, D.A. Nolt engaged Umoja Erectors to coordinate and install the steel at the  Public Safety Services Campus Building Façade and Roof Improvement Project (hereinafter "PSSC") at 4601 Market St, Philadelphia, Pennsylvania. Despite timely submittals of the payment applications, Defendant began withholding payments in December 2016.  Plaintiff filed suit under four (4) different counts, one of which was a count against the security bond provided by the North American Specialty Insurance Company. Defendant filed a motion to dismiss the count against the bond based on the statute of limitations. The Court granted the motion in March of 2021 and then entered an Order dismissing the Plaintiff's fourth count on March 31, 2021.

Due to the passage of more than four (4) years  without payment, the Plaintiff filed a separate count against Nolt for violation of the Pennsylvania Prompt Payment Act.  When filed,

the first count contained an incorrect statutory cite 73 P.S.§501, *et seq.* The correct statutory cite was 62 Pa.C.S. §3931 *et. seq.* Both statutes entitled to the Plaintiff to penalties as well as legal fees in the unjustified delay of the Plaintiff's payment applications. Both statutes allowed for Nolt to withhold payments for deficiency items. The main difference was that the Prompt Pay Act applied to government projects while 73 P.S. §501 applied to privately owned properties.

Despite not having been paid by Nolt, Umoja has met its payroll obligations and amounts due to the Ironworkers Union Local 401 health and welfare fund. The remaining reimbursement is sought for the payments of materials purchased by Umoja for use at the construction site, including welding equipment and supplies as well as grinding equipment.

Plaintiff now seeks to correct the statutory citation in Count One to reflect the correct provisions applicable to the facts of this case. In addition, the Plaintiff proposes an Amended Complaint without Count Four as ordered by the court on March 31, 2021. The trial of this matter will not be until January 30, 2023. The opposing counsel has been on notice of the Plaintiff's desire to correct the statutory citation since December 2, 2022.

II.      THE PENNSYLVANIA LAW ON THE PROMPT PAYMENT ACT.

The Pennsylvania Prompt Payment Act 62 Pa.C.S. §3931 *et. seq.*, provides in part follows:

### § 3931. Performance by contractor or subcontractor.

(a)      **Entitlement of contractor to payment.**—Performance by a contractor in accordance with the provisions of a contract shall entitle the contractor to payment by the government agency.

(b)      **Entitlement of subcontractor to payment.**—Performance by a subcontractor in accordance with the provisions of a contract shall entitle the subcontractor to payment from the contractor with whom the subcontractor has contracted.

## § 3933. Contractors' and subcontractors' payment obligations.

(a) **Performance by subcontractor entitles Subcontractor to payment.** —Performance by a subcontractor in accordance with the provisions of the contract shall entitle the subcontractor to payment from the party with whom the subcontractor has contracted. For purposes of this section, the contract between the contractor and subcontractor is presumed to incorporate the terms of the contract between the contractor and the government agency.

(b) **Disclosure of progress payment due dates. –** A contractor or subcontractor shall disclose to a subcontractor, before a subcontract is executed, the due date for receipt of progress payments from the government agency. Notwithstanding any other provisions of this subchapter, if a contractor or a subcontractor fails to accurately disclose the due date to a subcontractor, the contractor or subcontractor shall be obligated to pay the subcontractor as though the due dates established in subsection (c) were met by the government agency. This subsection shall not apply to a change in due dates because of conditions outside of the contractor's control, including, but not limited to, design changes, change orders or delays in construction due to weather conditions.

(c) **Payment.**--When a subcontractor has performed in accordance with the provisions of the contract, a contractor shall pay to the subcontractor, and each subcontractor shall in turn pay to its subcontractors, the full or proportional amount received for each such subcontractor's work and material, based on work completed or services provided under the subcontract, 14 days after receipt of a progress payment. Payment shall be made under this section unless it is being withheld under section 3934 (relating to withholding of payment for good faith claims).

(d) **Interest due when progress payment not timely.**—If any progress payment is not made to a subcontractor by the due date established in the contract or in subsection (c), the contractor shall pay to the subcontract-

or, in addition to the amount due, interest as computed in section 3932(c) (relating to government agency's progress payment obligations).

(e) **When interest payment not required.**--In the event that the contract does not contain a grace period and if a subcontractor is not paid by the payment date required by subsection (c), no interest penalty payment required under this section shall be paid if payment is made on or before the 15th calendar day after the payment date required under this subchapter.

## § 3934. Withholding of payment for good faith claims.

(a) When government agency may withhold payment. deficiency items according to terms of the contract. The government agency shall pay the contractor accordinging to the provisions of this subchapter for all other items which appear on the application for payment and have been satisfactorily completed. The contractor may withhold payment from any subcontractor responsible for a deficiency item. The contractor shall pay any subcontractor according to the provisions of this subchapter for any item which appears on the application for payment and has been satisfactorily completed.

(b) Notification when payment withheld for deficiency item. --If a government agency withholds payment from contractor for a deficiency item, it shall notify the contractor of the deficiency item within the time period specified in the contract or 15 calendar days of the date that the application for payment is received. If a contractor withholds payment from a subcontractor for a deficiency item, it must notify the subcontractor or supplier and the government agency of the reason within 15 calendar days of the date after receipt of the notice of the deficiency item from the government agency.

## § 3935. Penalty and attorney fees.

(a) **Penalty.**--If arbitration or a claim with the Board of Claims or a court of competent jurisdiction is commenced to recover payment due under this subchapter and it is determined that the government agency, contractor or

subcontractor has failed to comply with the payment terms of this subchapter, the arbitrator, the Board of Claims or the court may award, in addition to all other damages due, a penalty equal to 1% per month of the amount that was withheld in bad faith. An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious. An amount shall not be deemed to have been withheld in bad faith to the extent it was withheld pursuant to § 3934 (relating to withholding of payment for good faith claims).

(b)     **Attorney fees.**--Notwithstanding any agreement to the contrary, the prevailing party in any proceeding to recover any payment under this subchapter may be awarded a reasonable attorney fee in an amount to be determined by the Board of Claims, court or arbitrator, together with expenses, if it is determined that the government agency, contractor or subcontractor acted in bad faith. An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious.

**Rule 15 .     Amended and Supplemental Pleadings provides as follows:**

(a)     **Amendments Before Trial.**

(1)     *Amending as a Matter of Course*. The party nay amend its pleading once as a matter of course within:

(A)     21 days after serving it, or

(B)     if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (f), whichever is earlier.

(2)     Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

## III.   LEGAL ARGUMENT:

The proposed amendments are merely of a technical nature and do not add new claims or parties to the action. Eliminating the fourth count in accordance with the court's Order of March 31, 2022, should be of no surprise to the Defendant who filed the motion to dismiss the count. As to the citation correction for the Prompt Pay Act, the amendment is merely correction of the citation, which has always been 62 Pa. Con.Stat. §§3931-3935. The name of the Prompt Pay Act has always been the same as it applies to the public works projects. As the general contractor, Nolt has always known that the PSSC was a public works project put out for bid by the Philadelphia Municipal Authority. Nolt's contract was with the Philadelphia Municipal Authority. Pursuant to Fed. Rule 15(a)(2), the court "should feely give leave" to Plaintiff to amend its complaint as justice so requires.

## IV.   CONCLUSION:

Plaintiff's technical amendments to its complaint should be freely allowed since the removal of Count IV was presaged by the court's Order of March 31, 2022 and Plaintiff pleaded the correct statute for a public works project. Nolt would not be prejudiced by the amendments and justice would be served by granting the Plaintiff's Motion.

LAW & ASSOCIATES, LLC.

BY: _____
    Tsiwen M. Law, Esquire
    Counsel for Plaintiff, UMOJA
    Erectors, LLC
    121 S. Broad St., 18th Fl.
    Philadelphia, PA  19107
    (215)  571-0500

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|                                                          |     |                          |
|----------------------------------------------------------|-----|--------------------------|
| **UMOJA ERECTORS LLC**                                   |  :  | **C. A. NO.:  2-20 CV 05046** |
|       **Plaintiff,**       |  :  |                          |
|                                                          |  :  |                          |
|      **v.**                     |  :  |                          |
|                                                          |  :  |                          |
|                                                          |  :  |                          |
| **D.A. NOLT**                                            |  :  |                          |
|       **Defendant.**       |  :  |                          |

## VERIFICATION

I, Tsiwen M. Law, Esquire, Counsel for the Plaintiff Umoja Erectors, LLC, hereby verify:

1. That I am authorized by Plaintiff Umoja Erectors, LLC to file this Motion to Amend Plaintiff's Complaint.

2. The facts set forth in the foregoing Motion are true and correct to the best of my knowledge, information, and belief.

3. That this verification is made subject to the penalties for unsworn falsification to authorities pursuant to Pa. 18 U.S.C. §1621.

LAW & ASSOCIATES, LLC

BY: _____
Tsiwen M. Law, Esquire
Counsel for Plaintiff, Umoja
Erectors, LLC

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UMOJA ERECTORS, LLC,                       :
          Plaintiff,:                 :      CIVIL ACTION NO.
          vs.                          :
NORTH AMERICAN SPECIALTY INSURANCE         :      20-cv-05046
COMPANY and D.A. NOLT                      :
          Defendants                   :

## AMENDED COMPLAINT

The Plaintiff, UMOJA Erectors, LLC ("UMOJA") files the following Complaint against the

Defendants D.A. Nolt, Inc. and North American Specialty Insurance Company ("NASIC") (collectively,

"Defendants") and states:

1.   PARTIES

    1.   The Plaintiff UMOJA Erectors, LLC ("UMOJA") is a limited liability company

organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in

919 Green Lane, Primos, Pennsylvania. UMOJA Erectors is engaged in the business of steel erection.

    2.   The Defendant D.A. Nolt, Inc-thereinafter "Nolt") is a corporation organized under the

laws of the State of New Jersey with its principal place of business at 53 Cross Keys Road, Berlin, New

Jersey. D.A. Nolt, Inc. is engaged in the business of roofing construction.

11.  JURISDICTION

    3.   This Court has subject matter jurisdiction over the above-captioned matter pursuant to 28

U.S.C. § 1332, as there is diversity of citizenship between Plaintiff and the Defendants and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs.

111.    VENUE

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because the contract upon which this action is based was signed and performed within the territorial limits of the Eastern District of Pennsylvania, and the project to which the action relates is situated within the Eastern District of Pennsylvania, and a substantial part of the events, acts and omissions giving rise to the Plaintiffs causes of action occurred within the Eastern District of Pennsylvania.

IV.    FACTS

5.      The facts of this case stem from a general contractor agreement between Nolt, and the Philadelphia Municipal Authority, specifically called the Public Safety Services Campus-Building Façade and Roof Improvement Project," Project No. 11-13-4108-01 ('the Project").

6.      In connection with the Project, Nolt entered into a subcontract ("the Prime Subcontract") with UMOJA regarding the erection of steel on the Project. A true and correct copy of the UMOJA Subcontract is attached hereto as Exhibit "A.',

7       In connection with the Prime Subcontract, UMOJA entered into a subcontract with Nolt to coordinate with RCC Fabricators, Inc. (hereinafter "RCC") furnishing all of the fabricated steel and related materials to the Project site. A true and correct copy of the RCC Subcontract is attached hereto as Exhibit "B."

8.      Under the Prime Subcontract, UMOJA had two (2) roles, one as the erector of the steel on the site and second as the coordinator of steel to be furnished to the site.

9.      UMOJA performed its role as coordinator with its subcontractor, RCC for the supply of fabricated steel. Pursuant to the Prime Subcontract it was to be paid $30,000.00 by Nolt for that function.

10.     Over six (6) months, the Plaintiff coordinated the supply of steel to the Project.

11.     Under its subcontract with D.A. Nolt, Plaintiff UMOJA was required to pay RCC based on payments received from Nolt for steel supplied to the Project site.

12.     Due to Nolt's non-payment of amounts billed and threatened penalties, known as back charges, the Plaintiff has been unable to pay RCC for the steel supplied.

13.     In addition, the Plaintiff has performed $272,678.71 worth of steel erection services under the time and materials contract for which it has not been paid by Nolt.

14.     Finally, Plaintiff is owed $5,000.00 intended for tax charges by RCC on the subcontracted steel delivery.

15.     UMOJA performed all of its work under the subcontract with Nolt in a timely, competent, workmanlike manner, and in full compliance with all applicable requirements.

16.     The Plaintiff UMOJA submitted timely invoices for the time and materials work as well as for the steel delivered by RCC.

17.     Except for one check, UMOJA has not been paid sufficient funds to pay RCC the $214,000 due under the subcontract.

18.     To date, Nolt owes UMOJA $272,678.71, exclusive of interest, penalties, costs and attorneys' fees that is due and owing for time and materials performed under its Prime subcontract.

19.     To date, Nolt owes UMOJA $20,737.50 for coordination of the supply of steel to the job site.

20.     To date, Nolt owes UMOJA at least $5000.00 for the steel supplied by RCC, including the sales tax.

21. UMOJA has made continual demands for payment, but Nolt has only threatened back charges and penalties against UMOJA while holding $600,587.39 in retainage.

## COUNT ONE

Violation of Prompt Pay Act against D.A. NOLT (62 Pa.C.S.§3931-35)

22 UMOJA alleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs 1-21 of this Complaint.

23. Nolt's failure and refusal to pay UMOJA and its refusal to pay UMOJA in a timely manner constitutes violation of Pennsylvania's Prompt Payment Act, 62 Pa.C.S.§3931-35, ("the Act").

24. Under the Act, UMOJA is entitled to recover interest at the rate of 1% per month, a penalty in the amount of 1% per month from the date payment was due, and all the attorneys' fees and cost incurred to collect the amounts wrongly withheld.

25. With interest and penalties accruing, pursuant to the Act, at the current rate of $2.934.16 per month (each) for a total of 46 months for amounts owed to UMOJA directly.

26. Interest due under the Act totals at least ($ 139,971.24) as of today's date.

27. Penalties due under the Act total at least ($139,971.24) as of today's date.

28. Attorneys' fees and costs due under the Act total at least $5,500.00.

29. Under the Act, the total amount due from Nolt to UMOJA is as follows: $214,537.00-For the Fabricated Steel delivery Subcontract with RCC; $ 20,737.50 Coordination Fee for the coordination of steel;

$272,678.25 — Time and materials currently invoiced for steel erection;

$ 5,500.00 — Attorneys' Fees;

$783,395.24 - TOTAL DUE

WHEREFORE, UMOJA demands judgment in its favor and against Nolt in the amount of $783,395.24 as of today's date, plus continuing prejudgment interest and continuing penalties in an amount to be detennined by the evidence, post-judgment interest, ongoing attorneys' fees and costs, and such other relief as the court deems just and equitable.

## COUNT TWO

### Breach of Contract against D.A. Nolt

30.     UMOJA repeats and incorporates herein by reference all of the allegations contained in the preceding paragraphs 1-29 of this Complaint.

31.     Pursuant to the terms of the Prime Subcontract, Nolt owes Plaintiff UMOJA $20,737.50 for coordinating the delivery of steel to the job site.

32.     Nolt owes UMOJA for the steel supplied to the site by RCC in the amount of $214,537.00 which includes $4,732.00 in sales taxes.

33.     Under the Prime Subcontract, Nolt was to pay UMOJA for time and materials for steel erection over the course of the Project.

34.     To date, Nolt owes $272,678.71 for time and materials for erection of steel on site to UMOJA.

35.     While holding more than $600,000.00 in retainage and $400,000.00 in its account, Nolt has breached the Prime Subcontract, by not paying for the coordination fees, the time and materials, and the steel supplied to the job site.

36.     As a direct and proximate result of Nolt's material breach of the Prime Subcontract, UMOJA assesses damages in the principal amount of $507,953.21.

WHEREFORE, UMOJA demands judgment in its favor and against Nolt in the amount of $507,953.21 as of today's date, plus continuing prejudgment interest and continuing penalties in an amount to be determined by the evidence, post-judgment interest, ongoing attorneys' fees and costs, and such other relief as the court deems just and equitable.

## COUNT THREE
### Unjust Enrichment and Quantum Meruit against D.A. Nolt

37.    UMOJA repeats and incorporates herein by reference all of the allegations contained in the preceding paragraphs 1-36 of this Complaint.

38.    Nolt accepted and appreciated the benefits the fabricated steel furnished by RCC and the labor services for the erection of steel on the PSSC Project.

39.    By retaining the benefits of the materials furnished without paying for the benefits, Nolt has been unjustly enriched in addition to retaining sums received from the Philadelphia Municipal Authority meant to pay subcontractors.

40.    The amount of the unjust enrichment retained by Nolt is equal to the reasonable $214,537.00 value of the materials furnished by RCC, as well as the $293,416.21 in labor services performed by UMOJA, both as the coordinator of the steel delivery and the provider of time and materials.

41.    Reasonable value of the materials and the labor services supplied pursuant to the Prime Subcontract and the subcontractor RCC is in the principal sum of $507,953.21 as of today's date.

42.    It would be inequitable for Nolt to retain the benefits of the fabricated steel furnished by RCC without payment of their reasonable value, as well as other damages sustained by UMOJA as a result of the non-payment.

WHEREFORE, UMOJA demands judgment in its favor and against Nolt in the amount of $507,953.21 as of today's date, plus continuing prejudgment interest and continuing penalties in an amount to be determined by the evidence, post-judgment interest, ongoing attorneys' fees and costs, and such other relief as the court deems just and equitable.

LAW & ASSOCIATES, LLC

BY:_____

Tsiwen M. Law, Esquire
Counsel for Plaintiff, UMOJA
Erectors, LLC
121 S. Broad Street, 18th Floor
Philadelphia, PA 19103
(215) 571-0500

# VERIFICATION

Tsiwen M. Law deposes and says as follows:

1.      I am the attorney for Umoja Erectors, LLC.

2.      I am authorized by the Umoja Erectors LLC to enter into this Affidavit.

3.      The foregoing facts in Umoja Erector, LLC's Complaint are true to the best of my knowledge, information and belief.

4.      I am aware and hereby certify that this Verification is made pursuant to 18 U S.C. § 1621 relating to unsworn falsification to authorities.


_____
Tsiwen M. Law on behalf of
UMOJA ERECTORS, LLC