UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMOJA ERECTORS, LLC | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 20 CV- 05046 |
| | : | |
| v. | : | |
| | : | |
| D.A. NOLT | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

AND NOW, this ____ day of _____, 2024, upon consideration of the Plaintiff's Motion to alter or amend the Order and Memorandum of February 16, 2024, and any response thereto, it is hereby ORDERED that the said Motion is granted. The Court finds in favor of the Plaintiff on all claims in the amount of $332,0076.86 with the final amount to be adjusted for back interest and related charges applicable under the Prompt Pay Act.

This_____day of_____2024

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UMOJA ERECTORS LLC<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>D.A. Nolt, Inc.<br>　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION NO.: 20 CV- 05046 |

### PLAINTIFF'S MOTION TO ALTER OR AMEND THE ORDER OF FEBRUARY 16, 2024 PURSUANT TO FED. R.C.P. 59

Pursuant to Federal Rule of Civil Procedure 59, Umoja Erectors,LLC, resepctfully moves to amend and alter the Order and Memorandum of February 16, 2024 and for other and further relief as the Court deems just and proper. In support, Umoja Erectors, LLC submits its Memorandum of Law, which is being filed contemporaneously with this motion, verification, proposed order, and proof of service.

　　　　　　　　　　　　　　　　　　　　　　　LAW & ASSOCIATES, LLC

　　　　　　　　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　　　　　Tsiwen M. Law, Esquire
　　　　　　　　　　　　　　　　　　　　　　　Counsel for the Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　Umoja Erectors, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UMOJA ERECTORS LLC<br>　　　　　Plaintiff, | CIVIL ACTION NO.: 20 CV- 05046 |
| v. | |
| D.A. NOLT, INC.<br>　　　　　Defendant | |

### PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING ITS MOTION TO ALTER OR AMEND THE ORDER AND MEMORANDUM OF FEBRUARY 16, 2024 PURSUANT TO FED. R.C.P. 59

UMOJA Erectors, LLC, (hereinafter "Umoja"), by and through its Counsel, Law & Associates, LLC, hereby moves for alteration or amendment of the Courts Order and Memorandum of February 16, 2024 pursuant to Fed. R. Civ Proc. 59 on the following grounds:

1. The Court erred in its Order and Memorandum of February 16, 2024 denying Umoja's claims for damages for breach of contract in a lawsuit against the Defendant general contractor D.A. Nolt (hereinafter "Nolt"). The Court denied payment to Umoja for amounts timely invoiced to the general contractor for time and materials allowed under Exhibit A, p.18, of the subcontract between Umoja and D.A. Nolt. The Subcontract Exhibit A did not state a limit on payments for time and materials.

2. The Court's order and memorandum of law were contrary to the plain meaning of the contract between Umoja and Nolt, and in particular, the specific provision that once Nolt was paid by the Philadelphia Municipal Authority, Umoja would be paid by Nolt. 4.1.2, 5.3

3. In August 2022, Nolt was paid in full for all the steel work, as was acknowledged at trial and offered into the record as uncontested facts by the parties. Uncontested Facts #12.

4. Judge Pratter who heard the case against Nolt also heard the case by Nolt against the Philadelphia Municipal Authority (PMA) and awarded Nolt the full value of its contract with the Authority. The full value of the Nolt contract contained the full value of all steel furnished and erected at the project site.

5. The Order of February 16, 2024 and Memorandum were contrary to the weight of the evidence, because they denied Umoja the full value of its invoices for the erection of steel at the Public Safety and Security Campus ("PSSC).

6. The Court erred as a matter of law by applying the Standard Contract Requirements paragraph 66 (hereinafter "SCR")to amounts invoiced by Unoja when the PMA project manager Pedro Pinto never rejected any of the Plaintiff's erection work.

7. The Court had previously recognized that Pedro Pinto was the project manager in the action by D.A. Nolt v. Philadelphia Management Authority C.A. 18-cv-4997. Pedro Pinto did not testify nor did D.A. Nolt submit any documents that he had rejected any of Umoja's steel erection or other work.

8. Without explicit proof of Mr. Pinto's rejection under the SCR , the Court erred when applying the cost shifting provisions of the Standard Contract Requirements (SCR) paragraph 66 to the work of Umoja.

9. Under the plain reading of the terms of the SCR 66, it only took effect when the Pedro Pinto executed the cost shifting provisions against the Subcontractor Umoja.

10. Richard O'Brien, the principal witness of D.A. Nolt testified that the PMA project manager never asserted the provisions of SCR 66 against any of the work done by Umoja.

11. The Court erred as a matter of law in allowing Nolt to assert recoupment claims against Umoja, when the Subcontract made no provision for recoupment of Nolt's costs.

12. The Court erred as a matter of law in allowing Nolt to assert recoupment claims when Exhibit A of the Subcontract stated explicitly that the general contractor Nolt was responsible for crane rental fees, third party inspector costs, and other services for the good of all the trades at the construction site.

13. The Court erred as a matter of law in allowing Nolt to assert recoupment claims against Umoja which arose from contracts between Defendant and third parties.

14. The Court's order of February 16, 2024 contradicts the explicit mandate of the United States Supreme Court's decision in *Rothensies v. Electric Storage Battery*, 329 U.S. 296 (1946): (recoupment) has never been thought to allow one transaction to be offset against another… " Contrary to *Rothensies*, Nolt's payments to other subcontractors have been used to offset Umoja's invoices.

WHEREFORE, Plaintiff Umoja moves the Court to alter or amend the February 16, 2024 Order on the above issues or enter an order in the form as attached hereto.

                                                                        LAW & ASSOCIATES, LLC

                                                                        BY: _____
                                                                            Tsiwen M. Law, Esquire
                                                                            Counsel for the Plaintiff
                                                                            Umoja Erectors, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UMOJA ERECTORS LLC** : | |
| Plaintiff, : | C. A. NO.: 2-20 CV 05046 |
| : | |
| v. : | |
| : | |
| **D.A. NOLT** : | |
| Defendant. : | |

## VERIFICATION

I, Tsiwen M. Law, Esquire, Counsel for the Plaintiff Umoja Erectors, LLC, hereby verify:

1. That I am counsel for Plaintiff and am authorized by Plaintiff Umoja Erectors, LLC to file this Motion to alter or amend the Order and memorandum of February 16, 2024.

2. The facts set forth in the foregoing Motion are true and correct to the best of my knowledge, information, and belief.

3. That this verification is made subject to the penalties for unsworn falsification to authorities pursuant to Pa. 18 U.S.C. §1621.

LAW & ASSOCIATES, LLC

BY: _____
Tsiwen M. Law, Esquire
Counsel for Plaintiff, Umoja Erectors, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UMOJA ERECTORS LLC** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **D.A. NOLT** | : | NO.: 20-05046-GP |
| Defendant. | : | |

### PLAINTIFF'S SECOND SUPPLEMENTAL PROPOSED CONCLUSIONS OF LAW

40. The essence of the doctrine of recoupment is stated in the Bull case; "Recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plantiff's action is grounded." 295 U.S. 247, 262, 55 S.Ct. 700, 79 L.Ed. 1421.  It has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole…*Rothensies v. Electric Storage Battery*, 329 U.S. 296 (1946)

41. In *May Department Stores Company v. City of Pittsburgh*, 376 A.2d 309, 31 Pa. Cmwlth. through 98 (Pa. Commw. Ct. 1977), the Commonwealth Court held that the doctrine of "equitable recoupment," provides that, at least in some cases, a claim for a refund of taxes barred by a statute of limitations may nevertheless be recouped against a tax claim of the government. Further, the doctrine has in any event been restricted by subsequent cases to situations where "a single transaction constituted the taxable event claimed upon and the one considered in recoupment." *Rothensies v. Electric Storage Battery Company*, 329 U.S. 296, 299-300, 67 S.Ct. 271, 91, L.Ed. 296 (1946).

42.  D.A. Nolt's contracts with Delaware Valley Crane Rental, Inc., Roofers Union Local 30, R.P. Concrete, Inc., Pennoni, BP Environmental Services, Haztek, Inc., and Acton Mobile were separate transactions from its steel erection and coordination contract with Umoja Erectors, LLC and therefore not subject to recoupment.

43.  D.A. Nolt's salaries and fringe benefits for Richard O'Brien and other D.A. Nolt employees were separate transactions, from the Umoja Erectors, LLC steel erection and coordination fully integrated contract (Umoja Subcontract Article 3) and therefore not subject to recoupment.

44.  In *Household Consumer Discount Company v. Vezpeziano*, 490 Pa. 209, 415 A.2d 689 (Pa 1980), the Supreme Court held that "recoupment" is in the nature of a defense arising out of some feature of the transaction upon which the Plaintiff's action is grounded. Recoupment of the overpayment of a state tax could have been asserted by way of defense and credit obtained notwithstanding the statute of limitations in an independent suit against the government therefore.

45.  D.A. Nolt has not paid Umoja Erector invoices #550 to #571 and therefore, has no grounds to claim recoupment of amounts overpaid.

LAW & ASSOCIATES, LLC

BY: _____
Tsiwen M. Law, Esquire
LAW & ASSOCIATES, LLC
Atty. I.D. No. 40960
The North American Building
121 S. Broad Street, 18th Floor
Philadelphia, PA  19107
Telephone No. 215-751-0500
E-Mail: (tsiwenlaw88@gmail.com)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMOJA ERECTORS LLC<br>        Plaintiff, | : : : | CIVIL ACTION NO.: 20 CV- 05046 |
| v. | : : | |
| D.A. Nolt, Inc.<br>        Defendant | : : | |

**PROOF OF SERVICE OF MOTION TO ALTER OR AMEND THE JUDGMENT**

I, Tsiwen M. Law, Counsel for the Plaintiff Umoja Erectors, LLC hereby certify that on March 12, 2024, I served a true and correct copy of the foregoing Plaintiff's Motion to alter or amend the Order and Judgment of February 16, 2024 upon Counsel of record for the Defendant, Jennifer Budd, Esq., by and through the court electronic computer filing system and at the address below.

Jennifer Budd, Esq.
George E. Pallas, Esq.
Cohen Seglias *et al.*
1600 Market St.
32nd floor,
Philadelphia, PA 19103

LAW & ASSOCIATES, LLC

BY:_____
Tsiwen M. Law, Esquire
Counsel for the Plaintiff
Umoja Erectors, LLC