**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UMOJA ERECTORS, LLC,** | |
| *Plaintiff*, | **Civil Action** |
| *v.* | **No. 20-cv-5046** |
| **D.A. NOLT, INC.,** | |
| *Defendant.* | |

## ORDER

**AND NOW**, this 16th day of July, 2024, upon consideration of Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59, and the responses and replies thereto, I find as follows:

## I.    INTRODUCTION

1.      Plaintiff Umoja Erectors, LLC ("Umoja") has filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59. The motion arises from a judgment following a bench trial, where the Honorable Judge Gene E.K. Pratter found in favor of Defendant D.A. Nolt ("Nolt") and denied Umoja relief on its breach of contract claims. The case has been reassigned to my docket.

2.      A full recitation of the facts is set out in Judge Pratter's Opinion dated February 15, 2024. (ECF No. 60.) Briefly summarized, the City of Philadelphia initiated a project to restore a building at 4601 Market Street, which was meant to become the city's Public Safety Services Campus. The City awarded Nolt the general construction contract for this project, and Nolt subcontracted with Umoja for "all labor, materials and equipment required for the supply, fabrication, erection, layout, coordination and installation" of steel. Umoja sued Nolt over payment in relation

to the subcontract, and Judge Pratter found that Umoja was not entitled to any relief. (ECF No. 60, page 1.)

3.       For the following reasons, Umoja's motion to alter or amend the judgment will be denied.

## II.    <u>LEGAL STANDARD</u>

4.       Federal Rule of Civil Procedure 59(e) is "a device ... used to allege legal error," <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to "correct manifest errors of law or fact or to present newly discovered evidence." <u>Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted). The moving party must show one of the following to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. <u>See</u> <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Such a motion is not appropriate to reargue issues that the court has already considered and decided. <u>Wright v. Pierce</u>, No. 12-175, 2015 WL 3653124, at *1 (D. Del. June 10, 2015).

## III.   <u>DISCUSSION</u>

5.       Umoja argues that Judge Pratter's decision was clearly erroneous for several reasons, which generally fall into three categories:

> a.    Umoja asserts Judge Pratter erred by not awarding damages on Umoja's invoices after the City of Philadelphia paid Nolt. Umoja bases this argument on the "pay-if-paid" clauses in Nolt's subcontract with Umoja, which required payment from the City to Nolt as a condition precedent to payment from Nolt to Umoja.

    b.   Umoja contends Judge Pratter improperly applied cost-shifting provisions in the subcontract when she found Umoja was obligated to pay for corrective work at its own expense.

    c.   Finally, Umoja submits Judge Pratter should not have granted Nolt a defensive recoupment (i.e., an offsetting of Nolt's costs against Umoja's damages), which prevented Umoja from recovering damages on the payments it was concededly owed. (ECF No. 62.)

**A.    "Pay if Paid" Clause**

6.    First, Umoja asserts that the City's payment to Nolt created an obligation for Nolt to pay Umoja. This argument overlooks Judge Pratter's other reasons for concluding that Umoja was not entitled to damages. Judge Pratter found that the subcontract did not require Nolt to pay for corrective work or "to pay Umoja in the event of delays caused by Umoja." (ECF No. 60, page 13, ¶ 9; Id., page 15, ¶ 17.) Due to a "myriad of issues," many items of steel supplied and erected by Umoja needed correction, leading to delays. (Id., page 7, ¶ 31.) Because Nolt did not have an obligation to pay for this corrective work, Umoja was never entitled to these payments and Nolt did not breach the contract when it failed to make them.

7.    Moreover, Judge Pratter found that Umoja failed to distinguish between corrective and non-corrective work in all the invoices offered into evidence, resulting in a failure to meet its burden of proving damages with "reasonable certainty." (ECF No. 60, page 14, ¶ 12.) Thus, Umoja was not entitled to damages for any unpaid invoices for steel erection work—irrespective of the fact that the City ultimately paid Nolt. Umoja has not demonstrated that these findings contain a manifest error of fact or law.

**B.     Cost-Shifting**

8.      Umoja next contends that cost-shifting provisions (which appear in Paragraph 66 of the standard contract terms incorporated into the Nolt–Umoja contract by virtue of Nolt's contract with the City) only applied if the City's "Project Manager"—Pedro Pinto—personally rejected the steel work. But while Umoja focuses on this cost-shifting provision in isolation, Judge Pratter found Umoja had an obligation to "diligently and fully perform" the contracted work, including the "labor, materials and equipment required for the fabrication [and] erection of steel." (ECF No. 60, page 4-5, ¶¶ 9, 11.) Extensive errors, corroborated by the City's third-party inspector Pennoni Associates, led to corrective work that fell "within the scope" of Umoja's responsibility. (Id., page 8, ¶ 31.) Therefore, even though Pedro Pinto did not personally reject the steel work, Umoja's failure to "diligently and fully" meet its contractual obligations relieved Nolt of its duty to pay for work that was not up to the standards and specifications of the subcontract, including materials and time for correction. Moreover, despite this testimony regarding unsuitable steel work, Umoja never argued at trial that Paragraph 66 of the of the standard contract requirements limited any contractual duties it otherwise had to correct errors, and, accordingly, neither party offered testimony or other evidence on that point. Rule 59(e) motions "are not a vehicle to argue facts or issues that were not raised." Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 191 (3d Cir. 2021). As such, Umoja has failed to demonstrate that Judge Pratter's resolution was a clear error.

**C.     Recoupment**

9.      Umoja's final argument concerns recoupment—an issue Judge Pratter addressed, finding that the costs Nolt incurred entitled it to offset Umoja's damages because they arose from the "same transaction." (ECF No. 60, page 17, ¶ 24.) Specifically, Nolt's costs were a "direct result" of Umoja's performance under the Subcontract. (Id.) Nolt's costs exceeded the charges it

owed Umoja, and, thus, Umoja could not recover the remaining balance of its "coordination" fee. (Id., ¶ 25.) Because Rule 59(e) is not a device for a "repetition of arguments already briefed, considered and decided," no ground exists for Umoja to re-raise this issue. Tulczynska v. Queens Hosp. Ctr., No. 17-cv-1669, 2020 WL 2836759, at *3 (S.D.N.Y. June 1, 2020).

   **WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to alter or amend the judgment (ECF No. 62) is **DENIED**.


     **BY THE COURT:**

     */s/ Mitchell S. Goldberg*
     **MITCHELL S. GOLDBERG, J.**